UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| RACHEL DANELLE HAYES, RACHEL DANELLE HAYES AS GUARDIAN OF S.H., <br><br>Plaintiffs,<br><br>vs.<br><br>GA FINANCIAL TRUST 2002-A, ARROW FINANCIAL SERVICES, LLC, LAW OFFICES OF MARVIN S.C. DANG, A LIMITED LIABILITY LAW COMPANY, MACHOL & JOHANNES, PLLC, DOES 1-10.<br><br>Defendant(s) | No.<br><br>COMPLAINT FOR VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692), WASHINGTON COLLECTION AGENCY ACT (RCW 19.16), AND WASHINGTON CONSUMER PROTECTION ACT (RCW 19.86) |

Plaintiff Rachel Hayes, in her personal capacity and in her capacity as guardian of S.H., brings this complaint through her attorney of record and alleges as follows:

## I.   NATURE OF COMPLAINT

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* as well as Washington Collection Agency Act ("WCAA"), RCW 19.16 *et seq.* and Washington Consumer Protection Act ("WCPA"), RCW 19.86 *et. seq.*

COMPLAINT - 1

Washington Debt Law, PLLC
2611 NE 113th St Suite 300A
Seattle, WA 98125
(206) 535-2559 PH
(206) 374-2749 FAX

## II. JURISDICTION & VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and 28 U.S.C. § 1331.  Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.

3. Venue is prior in this District under 28 U.S.C. § 1391(b) because the Defendants conduct affairs and transact business in this District, and a significant portion of the unlawful acts giving rise to this Complaint occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the court.

## III. PARTIES

4. **Plaintiff Rachel Danelle Hayes, ("Hayes" or "Plaintiff")**, is natural person within the meanings of RCW 19.16.010 and RW 19.86100 and a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692(a)(3) and and is a natural person as well as within the meanings of RCW 19.16.010 and RCW 19.86100.  Plaintiff Rachel Hayes is alleged by Defendant to be obligated to pay a debt.  Hayes has resided in Washington State for the past twelve years at the exact same address in Gig Harbor, WA since leaving Kaneohe, Hawaii in December 16, 2005.  Hayes has resided in Gig Harbor, WA during all relevant times relating to the collection of the alleged debt.

5. The debt Defendants allege Hayes owes was to pay money arising out of a transaction primarily for personal, family, or household purposes.

6. **Plaintiff S.H., ("Hayes" or "Son" or "Plaintiff"),** is a natural person within the meanings of RCW 19.16.010 and RW 19.86100 and a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692(a)(3) and is a natural person as well as within the meanings of RCW 19.16.010 and RCW 19.86100.  Son is the minor son of Rachel Danelle Hayes (who acts as his legal

COMPLAINT - 2

Washington Debt Law, PLLC
2611 NE 113th St Suite 300A
Seattle, WA 98125
(206) 535-2559 PH
(206) 374-2749 FAX

guardian/mother). Son is a child actor, in addition to being a student, and periodically earns wages for his work. His last commercial, with royalties, earned around $30,000.00. He is 10 years old. He has not been able to audition due to the flare up of his condition since the garnishment occurred. Son has no privity with any of the defendants.

7. **Defendant GA Financial Trust 2002-A, ("GAFT")**, is a Trust formed in Delaware in 2002 under file number 3584023. To Plaintiff's best knowledge, GA Financial Trust 2002-A does not possess a license to do business in Washington State nor a license to act as a debt collector within the meaning of RW 19.16. To Haye's best knowledge, GAFT is a debt purchaser and claims to own a debt

8. GAFT was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. § 1692(a)(5) also defined as a "claim" within the meaning of RCW 19.16.100.

9. GAFT is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6) and is a "collection agency" within the meaning of RCW 19.16.100. The principal purpose of GA Financial Trust 2002-A's business is the collection of debts and regularly collects or attempts to collect debts using telephone, mail, and interstate communications.

10. **Defendant Arrow Financial Services, LLC, ("Arrow")**, is a Limited Liability Corporation formed in Delaware in 1997 under file number 2813224. Arrow was previously licensed to do business in Washington State from 1999 to 2012 under UBI 601833492. Arrow appears to have let that license lapse and have never obtained a license to collect under RCW 19.16 in the State of Washington. Arrow is a servicer for GAFT.

11. Arrow was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. § 1692(a)(5) also defined as a "claim" within the meaning of RCW 19.16.100.

COMPLAINT - 3

Washington Debt Law, PLLC
2611 NE 113th St Suite 300A
Seattle, WA 98125
(206) 535-2559 PH
(206) 374-2749 FAX

12. Arrow is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6) and is a "collection agency" within the meaning of RCW 19.16.100. The principal purpose of GA Financial Trust 2002-A's business is the collection of debts and regularly collects or attempts to collect debts using telephone, mail, and interstate communications.

13. **Defendant Law Offices of Marvin S.C. Dang, A Limited Liability Law Company, ("Dang")**, is a LLC formed in Hawaii in 2005 under file number 41924 C5.

14. Dang was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. § 1692(a)(5) also defined as a "claim" within the meaning of RCW 19.16.100.

15. Dang is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6) and is a "collection agency" within the meaning of RCW 19.16.100. The principal purpose of Dang's business appears to be creditor representation to include the collection of debts and Dang regularly collects or attempts to collect debts using telephone, mail, and interstate communications.

16. **Defendant Machol & Johannes, PLLC, ("Machol")**, is a limited liability corporation formed in Washington State in 2011 under UBI 603121499.

17. Machol was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. § 1692(a)(5) also defined as a "claim" within the meaning of RCW 19.16.100.

18. Machol is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6) and is a "collection agency" within the meaning of RCW 19.16.100. The principal purpose of Machol's business is the collection of debts and Machol regularly collects or attempts to collect debts using telephone, mail, and interstate communications.

COMPLAINT - 4

Washington Debt Law, PLLC
2611 NE 113th St Suite 300A
Seattle, WA 98125
(206) 535-2559 PH
(206) 374-2749 FAX

19. **DOES 1-10** are listed as there may be unknown parties involved in the process serving, garnishment, or other aspects of this case.  If information arises that results in a new party being identified, Plaintiff will amend this complaint to add any new parties.

## IV. FACTS

20. There are at least fourteen (14) Rachel D. Hayes in the United States and two Rachel D. Hayes who have lived in both Hawaii and Washington.  Plaintiff, to the best of her knowledge, is the only Rachel Danelle Hayes in the entire world as her middle name contains a spelling mistake that was never corrected.

21. Hayes, with her son, has lived continuously for the past twelve years in Washington State in Gig Harbor, WA since 2005.  She has not gone back to Hawaii at any point since leaving there.  She was not physically present in Hawaii during the alleged time of service.

22. Hayes did stay sometime around 2001-2002 for three months at 2707 Hipawai Place, Honolulu, Hawaii 96822 while a student and involved with a program called Youth with a Mission.  Youth with a Mission has a website http://www.ywamhonolulu.com/.  The house has scores of bunks and rooms and is a compound designed for the students, staff, and education and also can be used as a hostel with an application right on the website.

23. Hayes lived at other addresses in Hawaii previous to this three month stay and at other addresses afterwards.

24. Hayes did not apply for any credit cards or credit accounts while living in Hawaii.

25. At the time of the alleged service, Hayes and her son had already been living in Washington for nearly three years with a lease, utilities, vehicle license, and other things in her name that should have been revealed on an ordinary skip trace.

COMPLAINT - 5

Washington Debt Law, PLLC
2611 NE 113th St Suite 300A
Seattle, WA 98125
(206) 535-2559 PH
(206) 374-2749 FAX

26. To select what is effectively a youth hostel inside a religious compound that she stayed at for merely three months while there are many other more likely addresses (to include Washington), Hayes believes that address selected to serve her at was not designed to reach her.  Given the fact that there was a claim that physical service was made and she was not physically on the island is further evidence in Hayes opinion of the same.  Given the fact that no communications, no notices of garnishment, no form for exemptions ever reached her also strengthens this belief.

27. Hayes does not recognize the account 44656106006997 or that she is liable upon any credit account claimed by Defendants.  Plaintiff has not held any credit cards for many years, as she avoids using them due to high interest charges and prefers to operate on a strictly cash or debit card basis with the only credit account used being for a car loan.  Hayes is unable to match the account number to anything on her credit report.

28. Hayes does not believe she is liable on this account.  Hayes believes that even if she were, it is beyond the statute of limitations, that she was not served properly, or notified of the garnishment properly, or provided with exemptions forms with which to claim exemptions.  If any amount is claimed to be owed, it is incorrect and more than would be allowed under contract and statute.

29. Defendant Dang, it is assumed, was retained by GAFT to collect upon the alleged debt owed upon the credit card.  Dang filed a case 1RC07-1-4753 with the District Court of the First Circuit, Honolulu Division, State of Hawaii, with the complaint signed on August 21st, 2007 by Marcus J. Florez and filed with the court on March 24th, 2008.  The complaint includes an allegation that physical service was made on March 22nd, 2008 at 6:55 pm.  A default judgment was obtained.

Washington Debt Law, PLLC
2611 NE 113th St Suite 300A
Seattle, WA 98125
(206) 535-2559 PH
(206) 374-2749 FAX

30. Defendant Dang utilized a process server named Krista Kelley to allegedly serve process upon Hayes.  Krista Kelley's address associated with her license to serve process is the same address as Dang and it is Plaintiff's belief that Krista Kelley is an employee or contractor or some form of agent for Dang.

31. Krista Kelley, on the return of service that was filed under penalty of perjury, indicates that Krista served Hayes personally in Hawaii.  Hayes believes this is a false statement because Hayes was not physically in Hawaii and could not have been personally served.  Even if process were handed to someone else, they were not physically residing with her as she did not live at the address served.

32. Hayes did not receive a copy of the summons and complaint, any communication relating to the collection attempts or lawsuit, a debt validation letter, garnishment or notice of garnishment, or exemptions for garnishment forms, or any information of any kind until the garnishment hit and wiped out her bank account and her son's bank account.  She only found out when she attempted to pay for groceries at the grocery store and her card declined at the counter.

33. GAFT retained the law firm of Machol to domesticate the default judgment from case# 1RC07-1-4753.  The local WA state case was filed as case# 15-2-11985-6 in Pierce Superior Court.

34. Machol caused Hayes accounts at BECU bank to be garnished on August 2nd, 2016.  Two accounts were garnished, Hayes personal account which contained her personal funds to cover rent, utilities and food and her minor childs account (he is a child actor and has separate funds that she acts as a guardian on the account for).  No personal funds of Hayes were comingled

COMPLAINT - 7

Washington Debt Law, PLLC
2611 NE 113th St Suite 300A
Seattle, WA 98125
(206) 535-2559 PH
(206) 374-2749 FAX

with that of her son's.  These garnishments essentially wiped her out of available cash and that of her son.

35. Hayes is a real estate agent and does not receive regular paychecks.  The only time she obtains wages is after a sale and therefore must plan her budget carefully.  Hayes stopped using credit cards in 2012 in order to save money by not paying interest and had no available credit cards or credit after her cash was garnished.  She had no cash at that time on her person or at home or in savings after the garnishment.

36. On the day of the garnishment, Hayes had to reach out to friends and family in an attempt to get gas money and food.  Hayes borrowed 100 for gas just to get home.

37. Hayes's son has Crohn's disease and Colitis and other IBS related disorders.  His diet is very specific and tailored to his medical conditions.  His diet is expensive and requires extensive pre planning and cannot easily be met through normal restaurants, food pantries, or friends.  Hayes had only two or three days of food that meets his dietary requirements at the time the garnishment.  Hayes attempted to reach out to friends and family but was not able to strictly adhere to his normal diet due to having no funds.

38. Stress is also something that can agitate her son's medical condition.  Her son, seeing that his mother had no money, a lack of food, and on the phone asking anyone and everyone to help did or likely did cause an extreme amount of stress which did or likely did aggravate his condition.

39. Hayes's son asked her if he could pay for food with his money and Hayes had to explain to her son that they took his money too.  Her son had a very negative reaction and was very upset by this.

COMPLAINT - 8

Washington Debt Law, PLLC
2611 NE 113th St Suite 300A
Seattle, WA 98125
(206) 535-2559 PH
(206) 374-2749 FAX

40. Hayes's son had to be admitted to Mary Bridge Children's Hospital shortly thereafter due to the complications with his Crohn's disease and several times afterwards.

41. Hayes worked at Keller Williams Realty in Gig Harbor, WA at and around the time of hospitalization and garnishment.  While her son was hospitalized, she was unable to work and lost several opportunities for sales both with new clients and with existing clients who had to be funneled to other agents.

42. Hayes did not receive any other wages until eight days after the garnishment.  At that point, Hayes was able to re-establish her sons proper diet, however the damage was already done and the nature of the disease is that once a flare up beings, it takes a long period to calm down.

43. Hayes retained counsel to dispute the garnishment with Machol.  To Machol's credit, Machol worked diligently to verify the facts and promptly returned all funds garnished.

44. It is uncertain why, however, it appears Hayes had the case 15-2-11985-6 published in the Tacoma Daily Index on or around September 2015.  There is no order for publication in the file and the certificate of service indicates that the named partner for

45. The application for garnishment indicates that counsel indicated there was no reason to suspect that any monies in either account were exempt, there is no basis for this belief in the document beyond citing the belief.

46. Hayes has suffered actual damages due to the action of Defendants.

47. Hayes has suffered medical expenses, insufficient check fees, bank fees due to overdraft, gas, time, lost work opportunities, copays, lost sales, mental anguish and stress.

48. Son has suffered actual damages due to the action of Defendants.

Washington Debt Law, PLLC
2611 NE 113th St Suite 300A
Seattle, WA 98125
(206) 535-2559 PH
(206) 374-2749 FAX

49. Son has suffered medical harm, medical expenses, his personal funds were taken, he has not been able to work due to the flare up of his medical condition, and has suffered mental anguish and stress.

## V.   FIRST CAUSE OF ACTION: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

50. Plaintiffs reincorporate all paragraphs above as though fully set forth herein.

51. Plaintiff does not recognize the account, there is at least one other Rachel D. Hayes who lives in or has lived in Hawaii and 13 other Rachel D. Hayes across the United States to the best of Plaintiff's knowledge.  Defendants failure to ascertain the proper Rachel D. Hayes, if this is indeed a case of mistaken identity, constitutes multiple violations of the FDCPA to include, but not limited to, unfair practice, misleading communication, contacting third parties, and others.  Because there is a possibility that this might not be mistaken identity and instead a very old account served to an incorrect address, this specific allegation may need to be amended after discovery.  Hayes believes that if this is a valid debt, it is beyond the statute of limitations.

52. Plaintiffs could have easily been found via a skip trace and personal information matched against account information to verify identity and location.  Plaintiff has not lived in Hawaii at the claimed address for service for over a decade.  It was not reasonable or Dang or any agents of Dang, to include process servers, to attempt to serve, mail documents to, or fabricate that personal service was made to any location in Hawaii.  Failing to obtain a reasonable skip trace under this circumstances is an unfair practice within the meaning of the statute.  Any communication sent to or based on the address would likewise be false or misleading or

COMMPLAINT - 10

Washington Debt Law, PLLC
2611 NE 113th St Suite 300A
Seattle, WA 98125
(206) 535-2559 PH
(206) 374-2749 FAX

would lead to contacting third parties and revealing her personal information as well as an unfair practice as Plaintiff would not reasonably receive communications.

53. Defendants caused money belonging to the minor child of Plaintiff, which was separate property from his mother acquired as incomes/wages he obtained via employment as an actor and over which she was merely a guardian, to be garnished.

54. Defendant Dang sued Plaintiff outside of where she currently resided and to the best of Plaintiff's knowledge outside of where a contract might have been signed.

55. Defendants have misrepresented the amount and extent of the debt owed.

56. Defendants have used unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692(f), including but not limited to 15 U.S.C. § 1692(f)(1).

57. Commencing or threatening to commence a lawsuit that is time barred by the statute of limitations is a violation of the FDCPA, 15 U.S.C. § 1692(f)(1),

58. The attempt to collect or collection of such an amount is neither expressly authorized by an agreement creating the debt nor permitted by law, therefore in violation of 15 U.S.C. § 1692(f), 15 U.S.C. § 1692(f)(1), and other provisions of the FDCPA.

59. Defendants have collected or attempted to collect charges, interest, and attorney fees in excess of the amounts allowed by law, statute, and contract in violation of 15 U.S.C. § 1692(f), 15 U.S.C. § 1692(f)(1), and other provisions of the FDCPA.

60. Plaintiff did not receive a debt validation notice and if one was sent, it was not reasonably sent to a location or address designed to reach her which is a violation of 15 U.S.C. § 1692(g) and other provisions of the FDCPA.

61. Defendant failing to properly perform a skip trace, properly verify the identity and location of Hayes, and claiming that personal service was made upon Hayes in Hawaii when she was not

COMPLAINT - 11

Washington Debt Law, PLLC
2611 NE 113th St Suite 300A
Seattle, WA 98125
(206) 535-2559 PH
(206) 374-2749 FAX

physically present in the state for over a decade is an unfair practice and violates 15 U.S.C. § 1692(f) and other provisions of the FDCPA.

62. Defendants actions did not use an address likely to lead to Plaintiffs which violated the required notices to contest or provide exemptions to the garnishment or to take steps to stop the garnishment.  Additionally, there was no basis for the belief that any of the funds were not exempted or exemptible, especially if a minor child's name is on the account.  These actions constitute a violation of the FDCPA.

63. If Plaintiffs are not the proper party, suing an innocent third party without reasonably investigating personal identifiers such as full legal name, full middle name, social security, age, and other identifiers violates the FDCPA.

64. The Defendants violation of the FDCPA have caused actual damages to the Plaintiffs and other damages as described above.

## VI. SECOND CAUSE OF ACTION: VIOLATION OF THE WASHINGTON COLLECTION AGENCY ACT

65. Plaintiff reincorporates all paragraphs above as though fully set forth herein.

66. Defendant's GAFT and Arrow are not licensed as debt collectors in the state of Washington within the meaning of RCW 19.16.  Neither are licensed to do business in the State of Washington.  Collecting or attempting to collect without a license to collect in Washington is prohibited under RCW 19.16.110 and is a per se violation of RCW 19.86 pursuant to RCW 19.16.440.  Plaintiff believes that serving as a law firm collecting for an entity that is not licensed to collect may be a violation of the statute and that the violation by the principal may yield liability for the agent who failed to verify whether or not they could represent the unlicensed entity in a collection matter.

COMPLAINT - 12

Washington Debt Law, PLLC
2611 NE 113th St Suite 300A
Seattle, WA 98125
(206) 535-2559 PH
(206) 374-2749 FAX

67. Defendant's actions have aided and abetted unlicensed entities in collection activities in violation of RCW 19.16.250(1).

68. Required documents for notice, initial communication, and other documents relating to the lawsuit and garnishment were not sent to Plaintiffs, or were sent to an address not likely to reach Plaintiffs.

69. Defendants threatened or took actions prohibited by contract or law violating RCW 19.16.250(16).

70. Defendants collected or attempted to collect sums that are not owed and above what would be authorized by contract or statute, violating RCW 19.16.250(21).

71. If Plaintiff is not the proper party due to mistaken identity, failure to identify the proper party when information such as social security, age, and skip trace information is available constitutes a violation of this chapter.

72. Defendants actions have caused actual and other damages and other damages as described above.

## VII. THIRD CAUSE OF ACTION: VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

73. Plaintiff reincorporates all paragraphs above as though fully set forth herein.

74. Defendants violations of RW 19.16 constitute a Per Se violation of the Washington Consumer Protection Act pursuant to RCW 19.16.440, as argued above.

75. Defendants actions as described above also constitute a non Per Se violation of the Washington Consumer Protection Act as described below.

COMPLAINT - 13

Washington Debt Law, PLLC
2611 NE 113th St Suite 300A
Seattle, WA 98125
(206) 535-2559 PH
(206) 374-2749 FAX

76. Defendants not taking proper steps to use information available in performing a proper skip trace and to identify the proper debtor, if this is a case of mistaken identity, is an unfair business practice within the meaning of the statute.

77. Defendants, in selecting the address to serve Plaintiff at (a Christian youth hostel and education facility she stayed at for three months) out addresses she stayed at prior to and afterward in Hawaii and more importantly ignoring her permanent residence in Washington State where she had already been living at for years at the time the suit was filed (with utilities in her name, employed locally, local car loan, and other indicators that would appear on a skip trace) is a violation.  Claiming personal service upon her when she was not physically present in the state and thousands of miles away is a violation.

78. Defendants actions have caused actual and other damages and other damages as described above.

### VIII.   DEMAND

79. For appointment of a Guardian Ad Litem for S.H., minor son of Plaintiff Hayes and to whom she acts as Guardian;

80. For judgment holding that defendant violated the Fair Debt Collection Practices Act;

81. For all actual damages in an amount to be proven at trial;

82. For statutory damages in the amount of one thousand dollars ($1,000.00) pursuant to 15 U.S.C. § 1692 et. seq.;

83. For costs and reasonable attorney's fees in an amount to be proven at trial pursuant to 15 U.S.C. § 1692 et. seq.;

84. For all remedies available under RCW 19.86.090 to include treble damages and reasonable attorney fees for Per Se violations of RCW 19.16.100 & .250 via RCW 19.16.440;

COMPLAINT - 14

Washington Debt Law, PLLC
2611 NE 113th St Suite 300A
Seattle, WA 98125
(206) 535-2559 PH
(206) 374-2749 FAX

85. For all remedies available under RCW 19.86.090 to include treble damages and reasonable attorney fees for non Per Se violations of RCW 19.16;

86. For interest on the above amounts as authorized by law; and

87. For other relief as the Court deems just and equitable.

Most respectfully submitted,

Dated this 1st day of August, 2017

*/s/ Edgar I. Hall*
Edgar I. Hall, WASB #40174
edgar@wadebtlaw.com

COMPLAINT - 15

**Washington Debt Law, PLLC**
2611 NE 113th St Suite 300A
Seattle, WA 98125
(206) 535-2559 PH
(206) 374-2749 FAX